IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BUREAU OF NATIONAL AFFAIRS,

    *Plaintiff*,

    v.

MARCIA CHASE and
PATRICK CHASE,

    *Defendants*.

Civil Action No. ELH-11-1641

## MEMORANDUM

This Memorandum addresses the motions to submit documents under seal (collectively, "Motions to Seal") (ECF 17, ECF 20, and ECF 23), filed by both sides in connection with the briefing of the parties' cross-motions for summary judgment. The contents of all three Motions to Seal are virtually identical.  The Motions to Seal seek the sealing of plaintiff's motion for summary judgment (ECF 18), defendants' opposition and cross-motion for summary judgment (ECF 21), and plaintiff's reply and cross-opposition (ECF 25), as well as all exhibits that accompany those submissions.  The only portion of the briefing as to which the parties have not sought sealing is defendants' cross-reply (ECF 29).

At issue is whether plaintiff, the fiduciary of a health benefit plan, is entitled to reimbursement for expenses that were paid by the plan for the medical treatment of defendant Marcia Chase, who is a plan beneficiary.  In particular, plaintiff seeks reimbursement from funds that defendants received pursuant to a confidential settlement agreement with a home health care provider, identified in defendants' answer (ECF 8) as "FMH Home Health Care" ("FMH"), which is not a party to this case.

Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection."  In the Motions to Seal, the parties state that disclosure of the amount of the confidential settlement agreement is necessary for purposes of briefing the summary judgment motions.  Moreover, they argue that the exhibits submitted in connection with the summary judgment briefing "contain a substantial amount of private and confidential information, including Social Security numbers, addresses, birth dates, medical information, bank account information and a copy of the confidential Release" memorializing the settlement between defendants and FMH.  As the parties see it, it is "impractical and virtually impossible to completely redact this private/information, since it is repeatedly shown."  Therefore, they claim that the "best way to protect this confidential and potentially sensitive information is to file everything under seal."

The common law "presumes the right of the public to inspect and copy all judicial records and documents."  *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open.").  The common law right of access can only be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is

more demanding of public disclosure.  *Rushford*, 846 F.2d at 253.  The more narrow class of documents to which the First Amendment right of access applies includes documents "made part of a dispositive motion" in a civil case.  *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253).  If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest."  *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).  Notably, the district court "must determine the source of the right of access with respect to each document," because "only then can it accurately weigh the competing interests at stake."  *Stone*, 855 F.2d at 181.

In ruling on a motion to seal, the "district court must . . . weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing."  *Va. Dep't of State Police*, 386 F.3d at 576 (internal citations omitted).  The public notice and opportunity to challenge requirements are met when the court allows sufficient time for objections to be made.  *See Padco Advisors, Inc. v. Omdahl*, 179 F. Supp. 2d 600, 614 (D. Md. 2002) (stating that the "motions to seal have been docketed and available to the public [for eight months], thereby providing the requisite notice").

Here, the Motions to Seal have been pending on the docket for over five months, during the course of the briefing of the parties' cross-motions for summary judgment, and no objection

to sealing has been filed.  Nevertheless, as indicated, the parties have asked the Court to seal almost the entirety of the briefing and all exhibits, including medical records, documentation of medical expenses, private financial information, health benefit plan details, and a confidential settlement agreement between the Chases and FMH.  This request is unduly broad, considering the presumptive right to access to court documents and the fact that the material has been submitted in connection with dispositive motions.  *See Va. Dep't of State Police*, 386 F.3d at 575.

To be sure, "[s]ensitive medical or personal identification information may be sealed," so long as the request is not overbroad.  *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) and *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 n.1 (D. Md. 2005), *aff'd*, 205 Fed. Appx. 183 (2006)).  However, a "wholesale" request for sealing of "the entirety of the summary judgment briefing and accompanying exhibits" is overbroad, and "would infringe too extensively on the public right to access court records."  *Rock*, 819 F. Supp. 2d at 476.  In my view, the parties' confidentiality concerns either are not supported by a compelling governmental interest in favor of sealing or can be adequately protected by alternatives to sealing, such as submission of redacted versions of briefs or sensitive exhibits, and more selective sealing of exhibits containing confidential information.  *See* Local Rule 105.11; *In re Knight Pub. Co.*, 743 F. 2d 231, 235 (4th Cir. 1984).

A copy of the confidential settlement agreement between defendants and FMH has been submitted as Plaintiff's Exhibit 5-I (ECF 18-16) and Defendants' Exhibit 7 (ECF 21-8).  Its contents are discussed throughout the briefing, and the scope of the release and the amount of

compensation (*i.e.*, the contents of the first paragraph of the agreement) are matters that go to the core of the disputed issues in this case.  Private parties are entitled to enter into confidential agreements, but the courts ordinarily are not party to such promises of confidentiality and no compelling governmental interest generally supports them.  What Judge Easterbrook said, writing for the Seventh Circuit in *Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634, 637 (7th Cir. 2002) (denying motion to dismiss appeal), *subsequent merits opinion*, 315 F.3d 742 (7th Cir. 2002), *cert. denied*, 540 U.S. 984 (2003), is salient:

> [The] desire [of a party to a settlement agreement] to keep the amount of its payment quiet (perhaps to avoid looking like an easy mark, and thus drawing more suits) is not nearly on a par with national security and trade secret information.  [Once] the agreement itself has become the subject of litigation, it must be opened to the public just like other information (such as the wages paid to an employee, or the price for an architect's services) that becomes the subject of litigation.

The Seventh Circuit's opinion (also authored by Judge Easterbrook) in *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000), is also noteworthy.  There, the court said, *id.* at 567:

> Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination).  Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.[1]

Aside from the bare fact that defendants and FMH agreed to the confidentiality of the settlement and the obvious interest of almost any party in keeping close the amount it is willing to pay (or receive) to settle a claim, the parties have articulated no basis to seal the settlement

---

[1] The *Herrnreiter* Court also said that, "if initiating litigation about the agreement (or causing such litigation to be initiated) amounts to a breach of the confidentiality clause, then any party who can demonstrate damages because of the disclosure may obtain them in a separate action." *Herrnreiter*, 281 F.3d at 637; *accord Union Oil*, 220 F.3d at 567.

agreement.  As the Second Circuit said in *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982), *cert. denied*, 460 U.S. 1051 (1983), a "naked conclusory statement that publication of [a document] will injure [a party] in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." Moreover, the "natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984).

However, not all of the content of the settlement agreement is relevant to the claims at issue here.  The only part that is relevant, and the only part as to which I will require unsealing, is the agreement's first paragraph.  I recognize the likelihood that the information contained in the first paragraph is the content that defendants and, particularly, FMH would most desire to keep confidential.  I also anticipate that, if the first paragraph is divulged, FMH may prefer the divulgence of other provisions, such as the paragraph in which it denies liability.  As discussed below, the parties will be free to file either a redacted or unredacted version of the settlement agreement in conformity with this opinion.   In this regard, the parties need not disclose the identity of the particular FMH employee whose alleged acts or omissions formed the basis of defendants' claim against FMH; the name is irrelevant to the issues.   Accordingly, the employee's name may be redacted wherever it appears in exhibits or briefing.

As to exhibits that consist of medical and personal financial information, the particulars contained in them are properly the subject of sealing, *see, e.g.*, *Rock*, 819 F. Supp. 2d at 475, and, in any event, are largely not relevant to the legal issues.  However, some basic discussion of Ms.

Chase's medical condition and the medical procedures she underwent, in the level of detail presented in the parties' memoranda, is not a proper subject of sealing or redaction.  Although I recognize the sensitivity and potential for personal embarrassment connected with such facts, those considerations do not rise to the level of a compelling reason sufficient to overcome the public right of access to dispositive motions.  Nevertheless, disclosure of the degree of detail as to Ms. Chase's ailments set forth on the second page of ECF 21-5 and in pages 13 and 15 of ECF 18-17 is not necessary to consideration of the legal issues and those portions of those documents may remain under seal.  Page 29 of ECF 18-17, which is one of the Chases' bank statements, also may remain under seal.

Therefore, I will grant the Motions to Seal in part and deny them in part, as set forth below in more detail.  As to any document as to which I am denying the Motions to Seal, the parties may, within fourteen days after this Memorandum and its accompanying Order are docketed, either (a) file a redacted version of the document, in which case the original unredacted version of the document will remain on the docket under seal; or (b) notify the Court that the document is withdrawn, in which case the document will be marked as withdrawn and non-court users will not be able to access it.  If neither a redacted version nor a notice of withdrawal is filed, I will order the unsealing of the document after fourteen days have passed. My rulings as to each particular document are as follows:

- As to the summary judgment motions themselves (ECF 18-1, ECF 21), and their supporting memoranda (ECF 18-2, ECF 21-1, ECF 25) and proposed orders (ECF 18-18, ECF 21-12), the Motions to Seal are denied.  The parties may submit redacted versions of the memoranda.
- As discussed above, the Motions to Seal are denied with respect to copies of the settlement agreement (ECF 18-16 and ECF 21-8).  Redacted copies may be submitted, however.

- Plaintiff's Exhibit 1 (ECF 18-3) and Exhibit 3 (ECF 18-5) are copies of the complaint (ECF 1) and answer.  Neither document was filed under seal, nor has any party moved to seal the original complaint and answer.  Accordingly, as to ECF 18-3 and ECF 18-5, the Motions to Seal are denied.

- Plaintiff's Exhibits 2 and 5 (ECF 18-4 and ECF 18-7) and Defendants' Exhibits 5 and 9 (ECF 21-6 and ECF 21-10) are affidavits that contain no confidential information.  With respect to these documents, the Motions to Seal are denied.

- Plaintiff's Exhibit 5-A (ECF 18-8) is a copy of the Plan, which is not confidential; as to this document, the Motions to Seal are denied.

- Plaintiff's Exhibits 5-B, 5-D, 5-E, 5-F, 5-G, and 5-H (ECF 18-9, ECF 18-11, ECF 18-12, ECF 18-13, ECF 18-14, and ECF 18-15) and Defendants' Exhibit 8 (ECF 21-9) are items of correspondence that do not contain any confidential information; as to these documents, the Motions to Seal are denied.  The Motions to Seal are granted as to the second page of Defendants' Exhibit 4 (ECF 21-5).  Because the first page of that exhibit is identical to Plaintiff' Exhibit 5-H, which will be unsealed, it is more practical to retain the seal on ECF 21-5 in its entirety; therefore, a redacted version of ECF 21-5 need not be submitted.

- The Motions to Seal are granted with respect to Defendants' Exhibits 1, 2, and 3 (ECF 21-2, ECF 21-3, and ECF 21-4), which consist of hospital reports and other medical records.

- The Motions to Seal are denied with respect to Defendants' Exhibit 6 (ECF 21-7), which consists of copies of published articles and abstracts in the academic medical literature.

- Plaintiff's Exhibits 4 and 6 (ECF 18-6 and ECF 18-17) and Defendants' Exhibit 10 (ECF 21-11) are responses to discovery requests.  The Motions to Seal are denied as to these exhibits, except for pages 13, 15, and 29 of ECF 18-17, which shall remain under seal; the parties may submit redacted versions.

- Plaintiff's Exhibit 5-C (ECF 18-10) is a summary of expenses paid by the plan that contains some personal financial information.  The Motions to Seal are denied as to this exhibit; plaintiff may submit a redacted version.

- The parties may submit a redacted version of any of the exhibits as necessary to protect information that is protected from disclosure by Fed. R. Civ. P. 5.2(a) and/or the name of the FMH employee whose acts or omissions gave rise to the claim that was settled between defendants and FMH.

A separate Order follows.

Date:  July 25, 2012                          _____/s/_____
                                              Ellen Lipton Hollander
                                              United States District Judge

- 8 -